# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| ADRIATIC PLUMBING, INC., | No. 61088-4-II |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| WASHINGTON DEPARTMENT OF LABOR & INDUSTRIES, | |
| Respondent. | |

VELJACIC, C.J. — Adriatic Plumbing appeals an administrative law judge's (ALJ's) ruling affirming a Department of Labor and Industries (L&I) infraction.

Chapter 18.106 RCW requires trainee plumbers to be supervised by journeyman plumbers at a ratio of one trainee per journeyman. L&I alleged that Adriatic Plumbing had two trainee plumbers on a jobsite supervised by a single journeyman. L&I issued Adriatic Plumbing an infraction, and the ALJ affirmed the infraction. Adriatic Plumbing appeals, arguing that the ALJ's ruling was not supported by substantial evidence and was arbitrary and capricious. We affirm.

FACTS

## I.   BACKGROUND

Zoran Radic owned Adriatic Plumbing.   In May 2022, Adriatic Plumbing had eight employees, including Zoran's son Luka Radic[1] and Miguel Kaler.   Zoran was a journeyman plumber.   Luka and Kaler were each trainee plumbers.

RCW 18.106.020(1) required that trainee plumbers must be supervised by journeymen plumbers.   The required supervision ratio was "[n]ot more than one trainee working on any one jobsite for every certified journey level plumber working as a journey level plumber."   RCW 18.106.070(4)(a)(ii).[2]   In other words, there had to be at least one journeyman plumber supervising every trainee plumber working on a jobsite.

In June 2022, L&I sent Adriatic Plumbing notice of an infraction for violating the supervision requirement of RCW 18.106.020.   Adriatic Plumbing appealed the infraction, which resulted in an administrative hearing before an ALJ.

## II.   HEARING AND ALJ RULING

At the hearing, an L&I compliance inspector testified that he inspected Adriatic Plumbing's jobsite on May 31, 2022.   The inspector testified that interviews with workers on jobsites are a core component of L&I investigations.[3]

---

[1] Because Zoran and Luka Radic share a surname, we refer to each of them by their first name. No disrespect is intended.

[2] RCW 18.106.070 has been amended since the citation was issued, but the relevant language has not changed.   Accordingly, we cite to the current version of the statute.

[3] Hearsay evidence is admissible in administrative hearings if "it is the kind of evidence on which reasonably prudent persons are accustomed to rely in the conduct of their affairs."   RCW 34.05.452(1).

The inspector arrived at the site at 10:57 a.m., as Zoran and Luka were leaving for lunch. Zoran told the inspector that he and Luka were the only plumbers on site that day.

After Zoran and Luka left for lunch, the inspector interviewed an electrician who told him that another plumber, Kaler, had been at the site until "right before" the inspector arrived. Rep. of Proc. (RP) at 85. When the inspector contacted Kaler about his work that day, Kaler described activities including installing nail plates, strapping supply lines to metal studs, and installing glue cookies to pressurize and test the wastewater system. The inspector testified that these activities constituted plumbing regulated by chapter 18.106 RCW. Kaler also described to the inspector the work that Kaler saw Luka doing that day, which similarly constituted plumbing under chapter 18.106 RCW. When the inspector informed Kaler that he would receive an infraction for violating of the supervision ratio, Kaler asked "why he was being penalized for something that was the company's fault." RP at 89.

The inspector then contacted Zoran about Kaler's work. Zoran insisted that Kaler was a laborer who did not do plumbing work at that jobsite. Even though Zoran agreed with the inspector's description of Kaler's work tasks, Zoran insisted that those tasks did not constitute plumbing that required journeyman supervision.

The inspector testified that at no point during these conversations did anyone attempt to tell him that Kaler and Luka were on the jobsite at different times. "The argument was only that the work being performed was not plumbing work." RP at 96.

At the hearing, Luka testified that he arrived at the jobsite near 10 a.m. after being called to leave another jobsite. He denied knowing if Kaler was on the same jobsite that day. Similarly, Zoran testified that Kaler was at the jobsite only until 9 a.m., when he was assigned to a different jobsite. Zoran said that Luka arrived at the jobsite around 10 a.m.

Zoran initially testified that Kaler did only laborer work at the inspected jobsite, and that any plumbing work he did occurred at the second jobsite. But Zoran later admitted that Kaler did plumbing work at the inspected jobsite. Zoran insisted at the hearing that Luka and Kaler were never on the jobsite at the same time on the day of the inspection.

The ALJ entered findings of fact and conclusions of law in a final order. In relevant part, the ALJ found the inspector more credible than Zoran, and found that Kaler's work included installing nail plates, strapping supply lines to metal studs, and installing glue cookies to pressurize and test the wastewater system. The ALJ found that Kaler and Luka were working on the same jobsite at the same time. And the ALJ concluded that Kaler and Luka were each performing plumbing work. Because Kaler and Luka were each trainee plumbers and Zoran was the only journeyman plumber on the jobsite that day, the ALJ concluded that this did not comply with the 1:1 ratio required by RCW 18.106.070(4)(a)(ii). Accordingly, the ALJ concluded that Adriatic Plumbing failed to provide proper supervision in violation of RCW 18.106.020(1), and affirmed the infraction.

Adriatic Plumbing moved for reconsideration of the final order, which the ALJ denied. Adriatic Plumbing then petitioned for judicial review of the final order. The parties stipulated to transfer the case directly to this court.

ANALYSIS

I. SUBSTANTIAL EVIDENCE REVIEW

Adriatic Plumbing first argues that the citation is not supported by the record. Specifically, Adriatic Plumbing asserts that "[w]ithout evidence that Zoran Radic, Luka Radic or Mr. Kaler had insufficient permits or certificates on their person at the time of the inspection, or that the ratio of trainee plumbers to journeyman plumbers on the jobsite was in violation of RCW 18.106.020, the

4

Citation should not have been affirmed." Br. of Appellant at 23. Adriatic Plumbing also insists that it "presented substantial evidence . . . that the Citation was issued without the inspector knowing all of the pertinent facts of the case." Br. of Appellant at 26. Because Zoran "clearly demonstrated that he was present during the entire workday on May 31, 2022 and that Mr. Kaler and Luka Radic never worked on the jobsite at the same time," Adriatic Plumbing reasons that "there is substantial evidence to support the reversal of the Citation." Br. of Appellant at 27. We disagree.

To begin, the infraction had nothing to do with Adriatic Plumbing employees lacking proper permits on their persons: the infraction was that Adriatic Plumbing had two trainee plumbers on the jobsite at the same time supervised by only a single journeyman plumber.

Next, Adriatic Plumbing cites *Karanjah v. Dep't of Soc. & Health Servs.*, 199 Wn. App. 903, 913, 401 P.3d 381 (2017), to assert that this court may reverse if there is substantial evidence to support *Adriatic Plumbing's* version of events. But the cited portion of *Karanjah* quotes the Administrative Procedure Act, chapter 34.05 RCW, which provides: "The court shall grant relief from an agency order in an adjudicative proceeding only if it determines that . . . [t]he order is *not supported by evidence that is substantial* when viewed in light of the whole record before the court." RCW 34.05.570(3)(e) (emphasis added); *see Karanjah*, 199 Wn. App. at 13. "'Substantial evidence is that which is sufficient to persuade a fair-minded person of the truth of the declared premises.'" *Alaska Airlines, Inc. v. Dep't of Lab. & Indus.*, 1 Wn.3d 666, 685, 531 P.3d 252 (2023) (internal quotation marks omitted) (quoting *Ames v. Dep't of Health*, 166 Wn.2d 255, 261, 208 P.3d 549 (2009)). Whether there is substantial evidence to support the appellant's version of events is irrelevant.

"The burden of demonstrating the invalidity of agency action is on the party asserting invalidity." RCW 34.05.570(1)(a). The Washington Supreme Court has explained that "'[s]ubstitution of our judgment for that of the administrative agency in factual matters is not authorized by the [Administrative Procedures Act] and . . . we will not try facts de novo on review.'" *Aviation W. Corp. v. Dep't of Lab. & Indus.*, 138 Wn.2d 413, 429-30, 980 P.2d 701 (1999) (quoting *Franklin County Sheriff's Off. v. Sellers,* 97 Wn.2d 317, 325, 646 P.2d 113 (1982)). Instead, "[w]e view the evidence in the light most favorable to the party which prevailed in the highest forum that exercised fact-finding authority, and we give deference to [that forum's] factual findings." *Olympic Stewardship Found. v. Env't & Land Use Hr'gs Off. through W. Wash. Growth Mgmt. Hr'gs Bd.*, 199 Wn. App. 668, 686, 399 P.3d 562 (2017). Deferring to the fact finder means that this court "may not re-weigh evidence, witness credibility, or demeanor." *Whitehall v. Emp. Sec. Dep't*, 25 Wn. App. 2d 412, 421, 523 P.3d 835 (2023); *see City of Univ. Place v. McGuire*, 144 Wn.2d 640, 652, 30 P.3d 453 (2001). Here, the Office of Administrative Hearings was the highest forum to exercise fact-finding authority, so we defer to the ALJ's factual findings.

Notably, Adriatic Plumbing does not assign error to any of the ALJ's factual findings. It only vaguely argues that L&I "must have concrete evidence that there were too many trainees to each journeyman plumber on the jobsite." Br. of Appellant at 22-23.

The ALJ found that Kaler and Luka were both doing plumbing work on the jobsite at the same time. Adriatic Plumbing no longer contests whether Kaler was doing plumbing work, but simply insists that he was on the jobsite at a different time than Luka was. However, electricians told the inspector that Kaler was at the site until "right before" the inspector arrived at 10:57 a.m., while Luka arrived at the jobsite before 10 a.m. RP at 85. At no point during the initial

investigation did anyone assert to the inspector that Kaler and Luka were on the jobsite at different times. And when Kaler learned that he would receive an infraction for the violation of the supervision ration, he asked why "he was being penalized for something that was the company's fault," rather than denying that the supervision ratio had been violated. RP at 89. In light of the whole record, there is substantial evidence to persuade a fair-minded person that Kaler and Luka were on the jobsite at the same time. *Alaska Airlines*, 1 Wn.3d at 685. Accordingly, we hold that there was substantial evidence to support the ALJ's ruling affirming the citation.

## II.     ARBITRARY AND CAPRICIOUS REVIEW

Adriatic Plumbing next argues that the ruling was arbitrary and capricious because the "Citation was issued . . . without consideration for all of the facts and circumstances surrounding the case." Br. of Appellant at 31. It insists that, because the inspector did not ask Zoran if he supervised Kaler that day, "the Citation was issued without the inspector knowing or attempting to find out" if the supervision ratio had been violated. Br. of Appellant at 32. Adriatic Plumbing also contends that the ALJ's ruling was arbitrary and capricious because the citation was based on hearsay.

"We will consider an agency action to be arbitrary and capricious only if the action is 'willful and unreasoning and taken without regard to the attending facts or circumstances.'" *SYNNEX Corp. v. Dep't of Revenue*, 34 Wn. App. 2d 857, 876, 572 P.3d 1214 (2025) (internal quotation marks omitted) (quoting *Whidbey Env't Action Network v. Growth Mgmt. Hr'gs Bd.*, 14 Wn. App. 2d 514, 526, 471 P.3d 960 (2020)). "The scope of review under an arbitrary and capricious standard is very narrow, and the party asserting it carries a 'heavy burden.'" *Ass'n of Wash. Spirits & Wine Distribs. v. Liquor Control Bd.*, 182 Wn.2d 342, 359, 340 P.3d 849 (2015) (internal quotation marks omitted) (quoting *King County Pub. Hosp. Dist. No. 2 v. Dep't of Health*,

167 Wn. App. 740, 749, 275 P.3d 1141 (2012)). "If there is room for two opinions and the agency duly considered its action, the action is not arbitrary and capricious." *SYNNEX Corp.*, 34 Wn. App. 2d at 876. "The existence of contrary evidence also does not render an agency decision arbitrary and capricious." *Id*.

As an initial matter, Adriatic Plumbing insists, without citation to authority, that the citation should have been reversed because "no witness actually observed any installation" of plumbing. Br. of Appellant at 36. But hearsay evidence is admissible in administrative hearings if "it is the kind of evidence on which reasonably prudent persons are accustomed to rely in the conduct of their affairs." RCW 34.05.452(1). In this case, the inspector testified that interviews with workers on jobsites are necessarily a core component of L&I investigations.

Next, as stated above, there was substantial evidence that Kaler and Luka were doing plumbing work on the jobsite at the same time. *SYNNEX Corp.*, 34 Wn. App. 2d at 876. And no one attempted to deny that the two trainees were on the jobsite simultaneously at any point before the administrative hearing. The inspector would not have needed to ask Zoran if he was supervising Kaler because Zoran initially concentrated on claiming that the work Kaler performed was not plumbing work that subjected him to the supervision ratio. The fact that Zoran changed tactics to argue that the two apprentices were on the jobsite at different times, after realizing that his initial argument was unsuccessful, does not compel the conclusion that the initial citation was issued without regard to the attending facts and circumstances. *Id*. Thus, we hold that the ALJ ruling affirming the infraction was not arbitrary and capricious.

CONCLUSION

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Veljacic C.J.

We concur:

_____
Maxa, J.

_____
Price, J.